FILED
2017 MAY 23 AM 10:53
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN BLANKE,<br><br>               Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>               Respondent. | **MEMORANDUM DECISION DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br><br>Case No. 2:17-CV-00341-BSJ<br><br>District Judge Bruce S. Jenkins |

On May 4, 2017, Mr. Blanke filed with the court a Petition for Writ of Habeas Corpus and attached several documents as addendum, including the following: (i) Mr. Blanke's April 15, 2016 Motion for Appointment of Counsel filed in the Third Judicial District Court for the State of Utah ("State District Court"); (ii) the State District Court's May 18, 2016 order denying Mr. Blanke's Motion for Appointment of Counsel and Motion to Correct an Illegal Sentence; (iii) the Utah Court of Appeals' October 11, 2016 Order of Summary Affirmance; and (iv) the Utah Supreme Court's January 7, 2017 order denying Mr. Blanke's Petition for Writ of Certiorari.[1]

The Petition for Writ of Habeas Corpus raises two grounds for Mr. Blanke's claim that he is being held in violation of the United States Constitution.

First, Mr. Blanke alleges the State District Court violated his Sixth Amendment rights when the court denied his Motion for Appointment of Counsel.[2] However, this first basis for relief is a challenge to a state *post-conviction* proceeding, not a challenge to the state proceeding or judgment that provides the basis for Mr. Blanke's conviction, and it therefore fails to raise

---

[1] *See* CM/ECF No. 1.

[2] *See id.* at 5 of 31.

constitutional claims cognizable in a federal habeas proceeding.[3] As such, the State District Court's post-conviction denial of Mr. Blanke's Motion for Appointment of Counsel does not provide a basis for federal habeas relief.

Second, Mr. Blanke alleges as a ground for relief that the State District Court violated his Fifth and Fourteen Amendment rights when it allegedly failed to adjudicate his Motion to Withdraw Guilty Plea, filed on or about January 6, 2003, before the court sentenced Mr. Blank on or about May 23, 2003.[4] Mr. Blanke argues that Utah Code section 77-13-6(2)(b) obligated the State District Court to adjudicate his motion before sentencing him, as it dictates that "[a] request to withdraw a plea of guilty . . . shall be made by motion before sentence is announced" and that a "[s]entence may not be announced unless the motion is denied."

This second ground for relief is deficient for several reasons. As an initial matter, it is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation on federal petitions for writs of habeas corpus by persons "in custody pursuant to the judgment of a State court."[5] The one-year limitation period runs from the latest of four dates, including, as relevant for the present case,[6] "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,"[7] and "the date on which the factual predicate of the claim or claims presented could have been

---

[3] *See United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006).

[4] *See* Pet. for Writ of Habeas Corpus (CM/ECF No. 1) at 7 of 31.

[5] 28 U.S.C § 2244(d)(1).

[6] Mr. Blanke makes no assertions in his Petition that require analysis of this case under § 2244(d)(1)(B), § 2244(d)(1)(C), or principles of equitable tolling.

[7] 28 U.S.C. § 2244(d)(1)(A).

2

discovered through the exercise of due diligence."[8] In either case, the one-year limitation period began running in 2003 and elapsed in 2004. Mr. Blanke's judgment was entered in May 2003 and was not directly appealed. And the factual predicate of Mr. Blanke's claims—the alleged failure of the State District Court to adjudicate his Motion to Withdraw Guilty Plea—could have been discovered through the exercise of due diligence by May 2003.[9] As such, Mr. Blanke's recently filed Petition for Writ of Habeas Corpus is untimely and is barred by AEDPA's one-year limitation.

Additionally, Mr. Blanke's second ground for relief is problematic because Utah state courts have already determined that there was no pending Motion to Withdraw Guilty Plea when Mr. Blanke was sentenced in May 2003. Both implicitly in 2003 and explicitly in 2016, the State District Court and the Utah Court of Appeals found that Mr. Blanke's motion was mooted or otherwise withdrawn by Mr. Blanke having renewed his guilty plea in February 2003. AEDPA imposes on federal courts a highly deferential standard for evaluating such state court determinations.[10] And Mr. Blanke has not provided evidence that such determination was so erroneous as to overcome that deference.[11] Further, though Mr. Blanke may argue that the Utah state court determination that there was no pending Motion to Withdraw Guilty Plea when Mr. Blanke was sentenced in May 2003 is an incorrect application of Utah Code section 77-13-

---

[8] 28 U.S.C. § 2244(d)(1)(D).

[9] Indeed, Mr. Blanke offers no explanation for why, after filing his Motion to Withdraw Guilty Plea on or about January 6, 2003, he did not explicitly inquire about the motion at his February 14, 2003 scheduling conference, especially if he did not consider his guilty plea at that scheduling conference sufficient to dispose of the motion.

[10] *See Ellis v. Raemisch*, No. 15-1088, 2017 WL 1950949, at *12 (10th Cir. May 11, 2017) (citing *Byrd v. Workman*, 645 F.3d 1159, 1166 (10th Cir. 2011)).

[11] *See* 28 U.S.C. § 2254(d).

6(2)(b), this contention would not warrant federal habeas relief, as "[a] federal court may not issue the writ on the basis of a perceived error of state law."[12]

Finally, Mr. Blanke's second ground for relief is problematic because, even if were a constitutional error for the State District Court to determine that there was no pending Motion to Withdraw Guilty Plea when Mr. Blanke was sentenced, such error was harmless and does not warrant federal habeas relief.[13] Mr. Blanke does not dispute that after filing his Motion to Withdraw Guilty Plea, he thereafter at a February 14, 2003 scheduling conference again pled guilty. Nor does Mr. Blanke contend that he sought at any time to withdraw the guilty plea made at the February 14, 2003 scheduling conference. As any state court failure to adjudicate Mr. Blanke's prior Motion to Withdraw Guilty Plea was therefore harmless, Mr. Blanke is not entitled to federal habeas relief.

For the reasons heretofore described, the court finds Mr. Blanke has failed to raise a sufficient basis warranting federal habeas relief, and the court hereby DENIES Mr. Blanke's Petition for Writ of Habeas Corpus.

DATED this 23rd day of May, 2017.

Bruce S. Jenkins
United States Senior District Judge

---

[12] *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984).

[13] *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993).